CUTRER, Judge.
This is a tort suit brought by Mr. and Mrs. Vernon T. Denham to recover damages as a result of fire in their home. Named as defendants were Sears, Roebuck & Company (Sears) and Continental Insurance Company (Continental), the comprehensive general liability insurer for the City of West-lake, Louisiana. Trial of the case began before a jury. At the close of plaintiffs’ case, the judge granted Continental’s motion for a directed verdict and dismissed the case.[1] The plaintiffs have appealed.
The issue on appeal is whether the trial court erred in determining that the plaintiffs’ evidence was so insubstantial that the case should have been removed from the jury and a directed verdict rendered by the trial court in favor of Continental.
The record reveals the following undisputed facts: On the evening of June 13, 1978, the Denhams were in their home attempting to clean a paint spill on a large shag rug. After cleaning the rug with gasoline, Mr. Denham began to vacuum the rug. The vacuum cleaner caught fire and before Denham could extinguish the fire, the rug was engulfed in flames. The fire began at approximately 9:15 P.M. Denham went next door to the Don Kelley residence to get help. Mrs. Kelley called the West-lake Volunteer Fire Department. The fire *688 men arrived and extinguished the flames. The firemen left the scene at approximately 11:00 P.M.
Mr. Denham was taken to the hospital to be treated for burns he received. Mrs. Den-ham returned to the home around midnight and observed the damage which was confined to the den. Other rooms sustained some smoke damage. Mrs. Denham did not observe any smoldering embers. She left the house after a short time.
Kelley, the next door neighbor, testified that about 2:15 A.M. he observed flames near the front door in the Denham home. Again the Fire Department was notified. The firemen arrived and attempted to extinguish the flames but their efforts were in vain and the house completely burned.
In both fires the firemen used a fire hydrant located approximately 290 feet from the Denham home. Across the street from the Denham home was a city water tower. The bottom of this tower was enclosed by an eight foot tall fence. Within this enclosure was an apparent fire hydrant. This hydrant was a distance of approximately 40 feet from the Denham property. No attempt was made by the firemen to use this hydrant. The mayor of Westlake testified this hydrant was intended solely for use in flushing out and maintaining the water tower. He stated that the hydrant was not intended to be a part of the fire protection system.
When plaintiffs closed their case, counsel for Continental moved for a directed verdict. The trial judge granted the motion and dismissed the case. In his oral reasons the trial judge, among other things, pointed out that there was absolutely no evidence that the non-use of the hydrant within the water tower enclosure and the use of a fire hydrant some 290 feet away in any way hindered the ability of the firemen to fight the fire competently. The trial court stated as follows:
“. . . I have stated and I repeat that there is no evidence that the use of the second plug contributed to any damages by (sic) the plaintiff.”
Secondly, the trial judge determined that there was no evidence that the second fire had its origin in the first fire. Thus, the trial judge concluded that a directed verdict was proper.
The plaintiffs argue on appeal that the trial judge erred because he, in violation of the standard set out in Campbell v. Mouton, 373 So.2d 237 (La.App.3rd Cir. 1979), did not consider all reasonable inferences most favorable to the plaintiffs. Plaintiffs contend that a reasonable inference could arise that the firemen were hindered because they did not have access to the nearest “fire hydrant.” They also contend that a reasonable inference could arise from the fact that a second fire occurred because the firemen were negligent in extinguishing the first fire.
In Campbell, this court adopted the following standard for directed verdicts:
“ ‘On motions for directed verdict . the Court should consider all of the evidence — not just the evidence which supports the non-mover’s case — but but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fairminded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury.’”
In the present case we agree with the result reached by the trial judge. There is no substantial evidence of quality and weight that might lead to different conclusions by reasonable and fair-minded persons exercising impartial judgment. Not one shred of evidence was introduced that the use of a fire hydrant 290 feet from the Denham residence in any way impaired or delayed the fire fighting capability of the firemen. Simply because an apparent fire *689 hydrant was nearer the residence than the one used does not give rise to a reasonable inference that the plaintiffs suffered damages they would not have otherwise suffered.
Plaintiffs offered no evidence regarding the standard of care or procedure to be used by firemen in extinguishing a fire. Likewise there is no evidence in the record that the firemen breached any standard of care that may be imposed upon them in their extinguishing the first fire. There was no evidence of the procedure or method used by the firemen in extinguishing the first fire. Without such evidence it would be impossible for a jury to reasonably conclude that the firemen were negligent simply because a second fire occurred, especially since no evidence was offered regarding the cause of the second fire. Also, as noted by the trial judge, the second fire originated in the front living room area which, according to Mrs. Denham’s testimony, was not involved in the first fire.
Our review of the record leads us to conclude that fair and reasonable persons exercising impartial judgment could not have reached any conclusion other than that the plaintiffs had utterly failed to present evidence of any failure by the City of West-lake to comply with any duty that may exist in plaintiffs’ favor.[2] The trial judge was entirely correct in rendering a directed verdict.
For the reasons assigned, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiffs-appellants.
AFFIRMED.

. At the close of plaintiffs’ case, the counsel for the Denhams informed the court that a settlement had been reached with Sears. Judgment dismissing the suit as to Sears was accordingly rendered, leaving only Continental as defendant.

. It should be noted that we do not reach the issue of what, if any, duty was owned by the City of Westlake, through its firemen, to the Denhams. We do not, by this opinion, want to leave the impression that we are passing upon whether such a duty is owed and, if so, of what the duty consists.